UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARINA CONERLY, et. al, | No. 2:19-cv-1021 KJM-KJN PS |
| Plaintiffs, | |
| v. | ORDER AND |
| VERACITY RESEARCH COMPANY, et. al, | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff Carina Conerly, who is proceeding without counsel in this action, has filed suit against Defendants Veracity Research Company and Kristy Torain, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF Nos. 1 and 2.) Plaintiff has also requested the Court expedite her request and complaint, eluding to ongoing harassment by Defendants. (ECF No. 3). The Court reaches neither the merits of Plaintiff's complaint nor her IFP request because it has determined it has no subject matter jurisdiction to proceed.

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

raised the issue or not."); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must dismiss the case of its own volition if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States;" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

In her complaint, Plaintiff names Veracity Research Company, a private corporation (and its employee Kristy Torain) as Defendants. (ECF No. 1) She asserts the parties are diverse, and lists the amount in controversy as $1,000,000—the dual prongs of the diversity-jurisdiction question. (See Id. at p. 5). However, her complaint also describes Veracity Research Company as being incorporated in Texas with its principal place of business in California. Thus, Veracity is a citizen of both Texas *and* California. Montrose Chem. Corp. of Cal. v. Am. Motorists Ins. Co., 117 F.3d 1128, 1234 (9th Cir.1997) ("A corporation is typically a citizen of two states for determining the existence of diversity jurisdiction: the state of incorporation and the state in which it has its principal place of business."). Because Plaintiff and Veracity are both citizens of California, complete diversity does not exist—thus, no basis for diversity jurisdiction exists. Demarest v. HSBC Bank USA, 920 F.3d 1223, 1226 (9th Cir. 2019) ("[D]iversity jurisdiction exists where an action is between 'citizens of different States' and . . . requires 'complete diversity' of citizenship, meaning that 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'") (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

Further, a review of Plaintiff's complaint reveals no basis for federal question jurisdiction, as it involves a dispute between herself and a private investigator who she alleges is harassing her. (ECF No. 1). Thus, because subject matter jurisdiction is lacking, the claims against these Defendants must be dismissed. However, such dismissal should be without prejudice, allowing plaintiff to pursue any potential claims in state court.[2]

---

[2] The Court makes no comment as to the merits of Plaintiff's case. However, the undersigned recognizes that Plaintiff expresses urgency in her complaint and "request to expedite." These

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; and

2. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations, and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: June 7, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD, cone.1021

---

Findings and Recommendations will be delivered to the District Judge for review, but due to the procedure described herein, this will not happen in the immediate future. If Plaintiff believes her issue requires expedited action, she may wish to file her complaint in a California court—rather than wait for the District Court's determination on these findings and recommendations.