UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARINA CONERLY, et al.<br><br>Plaintiffs,<br><br>v.<br><br>VERACITY RESEARCH, et al.<br><br>Defendants. | No. 2:19-cv-01021-KJM-KJN (PS)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

This case arises from allegations of multiple state law claims against alleged Texas Defendants. (See ECF No. 1.) The Court originally recommended Plaintiffs' complaint be dismissed for failure to allege complete diversity. (See ECF No. 4.) However, Plaintiffs asserted in objections that Defendants are not California citizens, but are in fact citizens of Texas. (ECF No. 5.) The undersigned withdrew his findings and recommendations, and provided Plaintiff with an opportunity to amend to assert complete diversity. The Court stated that any new complaint should also assert all claims Plaintiffs' wished to bring against Defendants. (See ECF No. 6.)

On September 20, 2019, Plaintiffs filed their "First Amended Complaint," asserting facts indicating complete diversity. (See ECF No. 7.) However, as to her claims, Plaintiffs simply stated they were asserting "stand–alone complaints," and provided a list of causes of action with no associated facts.

1

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are . . . unsubstantial . . . .").

Here, Plaintiffs' First Amended Complaint lacks substance and thus must be dismissed. The Court recognizes that Plaintiffs' original Complaint did contain facts, and that their intent appears to be that the Complaint and First Amended Complaint should be read in conjunction. However, the Court cannot refer to a prior pleading in order to make Plaintiffs' amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint (as with the original complaint), each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, the Court dismisses Plaintiffs' First Amended Complaint, but with leave to amend. Within 21 days of this order, Plaintiffs shall file a Second Amended Complaint, which shall incorporate all claims and factual allegations they wish to assert against Defendants. The

filing of this Second Amended Complaint shall supercede all prior complaints.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' First Amended Complaint is DISMISSED, but with leave to amend.
2. Within 21 days of the date of this order, Plaintiffs shall file a Second Amended Complaint in accordance with this order. Alternatively, if Plaintiffs no longer wish to pursue this action in federal court, they shall file a notice of voluntary dismissal of the action without prejudice within 21 days of the date of this order.
3. Failure to file either a Second Amended Complaint or a notice of voluntary dismissal without prejudice by the required deadline may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: October 1, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE