UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARINA CONERLY,<br><br>    Plaintiff,<br><br>    v.<br><br>VERACITY RESEARCH CO. LLC, et al.,<br><br>    Defendants. | No. 2:19-cv-1021-KJM-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS ON DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 44) |

Plaintiff Carina Conerly, proceeding pro se, asserts claims against defendants Veracity Research Co., LLC (a Texas company) and one of its employees, Kristy Torain.[1]  (ECF No. 12.) Defendants now move to dismiss, asserting the currently-operative Second Amended Complaint fails to state a claim on which relief may be granted.[2]  (ECF No. 44.)

The undersigned recommends the motion to dismiss be GRANTED, and leave to amend be DENIED.

---

[1] This motion is referred to the undersigned by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(21) for the entry of findings and recommendations.  See Local Rule 304.

[2] The parties also proffer arguments concerning claims raised in the second amended complaint on behalf of James Conerly, Marilyn Tillman-Conerly, and a minor "M.T." (ECF No. 44.) However, the court has already addressed these claims in its previous findings and recommendations, which the district court adopted in full.  (ECF Nos. 29, 31.)  Thus, defendants' arguments as to these former plaintiffs will not be addressed here, and the court will instead focus on plaintiff Carina Conerly's claims ("Conerly").

1

**BACKGROUND**[3]

On June 4, 2019, Carina Conerly filed a complaint against defendants Veracity Research Company and Kristy Torain, asserting various claims under California state law. (ECF No. 1.) The Second Amended Complaint ("2AC") alleges that as part of an investigation of Conerly's worker's compensation claim, CalSTRS (Conerly's employer) hired Veracity. (ECF No. 12 at 5.) On May 9, 2019, Torain called Conerly in order to "meet with [her] and get a statement." (Id.) Conerly refused to meet with Torain, as she "did not find it to be part of [her] Workers' Compensation procedure." (Id.) After the call, Conerly "discovered [Torain] worked for [Veracity]," and confirmed with Angela Diaz of the State Compensation Insurance Fund that Veracity had been hired to investigate the work-comp claim. (Id. at 6.) Diaz informed Conerly that if the claim was to go forward, Conerly would have to meet with Torain. (Id.) Torain called Conerly twice more in May to set up a meeting. (Id.) At some point, a vehicle drove near Conerly's vehicle, which plaintiff characterizes as "reckless." (Id. at 7.) Conerly also alleges her home security cameras were damaged "by the use of some sort of laser and light that is projected into the lens[.]" (Id. at 7.) The 2AC asserts claims for Intentional Infliction of Distress, Invasion of Privacy, "Endangerment," Harassment, Retaliation, and Personal Property Damage. (Id.) The 2AC prays for $1,000,000 in compensatory and punitive damages, and injunctive relief in the form of a restraining order. (Id.)

After numerous issues regarding service and consolidation were resolved (see ECF No. 29), plaintiff obtained service of process. (ECF No. 45.) Defendants now move to dismiss under Rule 12(b)(6)[4] for failure to state a claim. (ECF No. 44.) Plaintiff opposed dismissal, defendants replied, and the court took the matter under submission without a hearing. (ECF Nos 47, 48.)

---

[3] The background facts are from the second amended complaint (ECF No. 12), which are construed in a light most favorable to plaintiff—the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). However, though the court repeats some of plaintiff's conclusory statements from the 2AC, they are ultimately rejected, because conclusory assertions cannot be relied upon to overcome a motion to dismiss for failure to state a claim. Paulsen, 559 F.3d at 1071 (noting that when a court considers whether a claim is stated, it need not rely on "legal conclusions merely because they are cast in the form of factual allegations.").

[4] Citation to the "Rule(s) are to the Federal Rules of Civil Procedure, unless otherwise noted.

2

**DISCUSSION**

Defendants contend Conerly's claims against them must be dismissed for failure to state a claim. Specifically, defendants argue: (A) the facts alleged do not indicate extreme or outrageous conduct, the intent to cause harm, any actual harm, or any link between these elements, as required for a claim of intentional infliction of emotional distress against Torain or Veracity; (B) similarly, the 2AC states no facts under any invasion of privacy theory; (C) California law does not afford a private right of action for "endangerment," and the complaint lacks facts to indicate any tort claim is feasible; (D) any Title VII "retaliation" and "harassment" claims are misplaced, as Conerly is not employed by Veracity or Torain; and (E) no plausible facts have been alleged supporting a trespass against property claim against Torain or Veracity.

Plaintiff's opposition contains a variety of arguments. She disputes defense counsel's authority to represent defendants, disputes counsels attempts to resolve the case, contends her motions for default judgment should have been granted, contends the court has jurisdiction over her parents' claims, and contends the complaint states facts to support her claims. Plaintiff then restates certain facts from her 2AC, and clarifies that individuals other than Torain were the ones involved in the driving and personal-property-damage incidents. Plaintiff then asserts Torain had no authority to investigate the work comp claim because she did not have a California license to do so, and references other events not discussed in the complaint.

Legal Standard

Rule 8(a) calls for a complaint to contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Under Rule 12(b), a responding party may present certain defenses to a complaint by motion. This includes challenges to the sufficiency of the complaint under Rule 12(b)(6), where a defendant may argue that a complaint has "fail[ed] to state a claim upon which relief can be granted." A Rule 12(b)(6) challenge tests whether the complaint lacks either a cognizable legal theory or enough facts to support a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).

In evaluating whether a complaint states sufficient facts on which to base a claim, all well-pleaded factual allegations are accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the complaint must be construed in the light most favorable to the non-moving party, Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  Thus, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).  Plausibility means pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 fn.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and allow for correction—if it appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, leave to amend need not be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Analysis

**A.  "Intentional Infliction of Emotional Distress" claim**

Under California law, the elements of the tort of intentional infliction of emotional distress ("IIED") are:  (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001 (1993).  For conduct to be outrageous, it must be so extreme as to

4

1    exceed all bounds of that usually tolerated in a civilized community.  Id.  The defendant must
2    have engaged in "conduct intended to inflict injury or engaged in with the realization that injury
3    will result."  Id.  Evidence that reflects "mere insults, indignities, threats, annoyances, petty
4    oppressions, or other trivialities" is insufficient under California law.  Hughes v. Pair, 46 Cal.4th
5    1035, 1051 (2009).

6         Here, plaintiff alleges she suffered emotional distress from defendant's investigation of
7    her work-comp claim.  The 2AC alleges Torain left three voice messages, in which Conerly
8    describes as cordial attempts to conduct an interview, had an apparent encounter with other
9    individuals in a vehicle and outside Conerly's house (where a security system was allegedly
10   damaged).  The court finds, as a matter of California law, that these encounters are insufficient to
11   form the basis of an IIED claim against Veracity or Torain.  See Wallis v. Princess Cruises, Inc.,
12   306 F.3d 827, 842 (9th Cir. 2002) (approvingly citing cases where obscene language and phone
13   calls, among other slightly-oppressive-but-otherwise-mundane events, failed to constitute
14   "outrageous behavior"); see also, e.g., Fritz v. Jimenez, 2020 WL 4782821, at *12 (Cal. Ct. App.
15   Aug. 18, 2020) (unpublished) ("Merely driving by a person's house – even in a "conspicuous"
16   manner – does not constitute outrageous conduct that exceeds all bounds of conduct tolerated in a
17   civilized community."); Morley v. Smith, 309 F. App'x 103, 105-106 (9th Cir. 2009) (finding
18   defendant's sending of emails and engaging in petition drive did not rise to level of extreme and
19   outrageous conduct); Thrasher v. Cty. of San Diego, 2013 WL 4679964, at *4 (S.D. Cal. Aug. 29,
20   2013) (finding plaintiff's IIED claim fails "because [d]efendants had no duty to avoid driving
21   past, parking near, looking at, or occasionally shining lights on Thrasher's house.  Moreover, the
22   conduct described, while potentially annoying, is not outrageous."); Walker v. Fresno Police
23   Dep't, 2010 WL 582084, at *2 (E.D. Cal. Feb. 11, 2010) (IIED claim dismissed because no
24   plausible allegations that conduct during phone calls was "done with the intention of causing her
25   emotional distress, or with reckless disregard of this possibility."); Johnson v. JP Morgan Chase
26   Bank, 2009 WL 382734, at *8 (E.D. Cal. Feb. 13, 2009) (denying IIED claim where debt
27   collector's investigation "was conducted was consistent with common business practices.")
28   (citing Girard v. Ball, 125 Cal. App. 772, 788 (1981) (ruling that the "suggestion that appellant . .

1 . suffered extreme emotional distress from respondent's two letters and some phone calls . . . is absurd and does not present a triable issue of fact."); Costa v. Nat'l Action Fin. Servs., 634 F. Supp. 2d 1069, 1079 (E.D. Cal. 2007) ("At most, plaintiff alleges conduct that was rude and impolite; significantly, the conduct occurred in only two voice mail messages and four brief conversations taking place on one afternoon. Such conduct is not actionable as an IIED claim.") (citing Cole v. Fair Oaks Fire Prot. Dist., 43 Cal.3d 148, 155 (1987)). Further, plaintiff indicates in her opposition briefing that other individuals were involved in the driving and security camera incidents, and so cannot be a basis for any claim against Torain or Veracity. Broam v. Bogan, 320 F.3d 1023, 1026 (9th Cir. 2003) ("Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice.").

Given the binding and persuasive law on this issue, the court recommends plaintiff's "Intentional Infliction of Distress" claim be dismissed with prejudice, i.e. no amendment of this claim be permitted.

**B.  "Invasion of Privacy" claim**

To state a claim under the California constitutional right to privacy, a plaintiff must allege three elements: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant that amounts to a serious invasion of the protected privacy interest. Hill v. Nat'l Collegiate Athletic Ass'n, 7 Cal.4th 1, 35-37 (1994). "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." Id. at 37. "A 'reasonable' expectation of privacy is an objective entitlement founded on broadly based and widely accepted community norms. Id.

California also recognizes "four distinct forms of tortious invasion [of privacy]." Johnson v. Harcourt, Brace, Jovanovich, Inc., 43 Cal. App. 3d 880 (1974). The only potentially-applicable species to plaintiff's case appears to be a claim for "intrusion upon the plaintiff's seclusion or solitude, which has been described as "the right to be let alone." Miller v. Nat'l Broad. Co., 187

////

6

1  Cal. App. 3d 1463 (1986).[5]  The elements of a claim for invasion of privacy are:  (1) plaintiff had
2  a reasonable expectation of privacy in a certain circumstance, (2) defendant intentionally intruded
3  into that circumstance, (3) defendant's intrusion would be highly offensive to a reasonable person,
4  (4) plaintiff was harmed, and (5) defendant's conduct was a substantial factor in causing plaintiff's
5  harm.  See Hurrey-Mayer v. Wells Fargo Home Mortg., Inc., 2009 WL 3647632, at *3 (S.D. Cal.
6  Nov. 4, 2009); see also California Civil Jury Instruction 1800 (2020).

7       This right to be let alone is relative and is not absolute.  Sanders v. Am. Broad. Cos., 20
8  Cal. 4th 907 (1999).  For example, there are some courts that have recognized the proposition that
9  "[u]nwanted calls, received at inconvenient times, generally invade an individual's privacy and
10 right to be let alone."  See Shulman v. Grp. W Prods. Inc., 18 Cal. 4th 200 (1998); see also
11 Restatement (Second) of Torts § 652B (1977).  However, other courts have recognized that
12 damages are not awardable "for minor incidents of overstepping, which abound in a crowded
13 world."  Miller v. Nat'l Broad. Co., 187 Cal. App. 3d 1463, 1483 (1986).  Thus, when
14 determining the existence of offensiveness at issue, California law requires the consideration of
15 "the degree of intrusion, the context, conduct and circumstances surrounding the intrusion as well
16 as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of
17 those whose privacy is invaded."  Id. at 1483-84.

18      As noted in Section A above, plaintiff's allegations rest on three phone calls, a driving
19 encounter, and an alleged encounter outside of the Conerly residence.  In line with the court's
20 findings for the IIED claim, the court finds these alleged intrusions to fall nowhere near the line
21 of outrageousness.  It appears all parties accept the premise that Torain was investigating
22 Conerly's work comp claim, and though Conerly disputes Torain and Veracity's authority to
23 conduct this investigation, this does not raise plaintiff's claim to one that is legally cognizable.
24 Cf., e.g., Burgess v. Portfolio Recovery Assocs., LLC, 2017 WL 2471802, at *5 (C.D. Cal. Mar.
25 23, 2017) (debt-collector's 30 calls to plaintiff where defendant identified itself did not state

---

[5] The remaining three forms of invasion of privacy are: "(2) publicity which places the plaintiff in false light in the public eye; (3) public disclosure of true, embarrassing private facts about the plaintiff; (4) appropriation of plaintiff's name or likeness for commercial purposes." Johnson, 118 Cal. Rptr. at 375 (citations omitted).

"intrusion into seclusion" claim); Marseglia v. JP Morgan Chase Bank, 750 F. Supp. 2d 1171, 1178 (S.D. Cal. 2010) (dismissing a claim for intrusion upon seclusion for lack of offensiveness where the plaintiff was called fifty times and never at odd hours."); with, e.g., Romero v. Dep't Stores Nat'l Bank, 725 F. App'x 537, 540 (9th Cir. 2018) (finding triable issue of fact where defendant's "nearly three hundred calls, with multiple calls per day, from numbers Romero was not always able to recognize, which continued after she communicated that she was unable to pay and requested that the calls stop, would be highly offensive to a reasonable person."); Montegna v. Yodle, Inc., 2012 WL 3069969, at *3 (S.D. Cal. July 27, 2012) (finding defendant's eavesdropping on the phone may be "highly offensive to a reasonable person," but that conclusory statements about confidentiality of the calls and plaintiff's subjective feelings regarding the offense did not satisfy the "reasonable person" standard). Instead, plaintiff's facts merely describe, at best, "minor incidents of overstepping, which abound in a crowded world." Miller, 187 Cal. App. 3d at 1483. Further, plaintiff indicates in her opposition briefing that other individuals were involved in the driving and security camera incidents, and so cannot be a basis for any claim against Torain or Veracity. Broam, 320 F.3d at 1026.

Thus, the court recommends plaintiff's "Invasion of Privacy" claim be dismissed with prejudice, i.e. no leave to amend be granted.

**C. Claim of "Endangerment"**

Plaintiff lists a claim for "Endangerment" in her 2AC. It is unclear whether the complaint intends to assert this claim on behalf of her daughter or plaintiff herself. If the former, the court has already dismissed the minor child (see ECF No. 29), and in any case the California law prohibiting child endangerment is a criminal statute (Cal. Penal Code § 273a) which plaintiff has no authority to bring in a civil context. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).

Construing plaintiff's complaint liberally, it is possible she intends to allege some form of intentional tort. See, e.g., Hartline v. Nat'l Univ., No. 2:14-CV-0635 KJM-AC, 2015 WL 4716491, at *9 (E.D. Cal. Aug. 7, 2015) ("It is not clear that there is any civil cause of action for 'reckless endangerment.' Even assuming there is one, it would appear to sound in personal injury

8

(tort).") However, the only facts tending to indicate some sort of tort claim concern a driving encounter, where it appears individuals other than Torain were seen "stopping on brakes to cause a collision, cutting in front of the vehicle that I was riding in, following too close to the rear of the vehicle I was riding in." (ECF No. 12 at 7.) The Ninth Circuit has held that tort claims require some type of resulting harm or damage, and the "mere breach of duty—causing only nominal damages, speculative harm or the threat of future harm not yet realized—normally does not suffice to create a cause of action." City of Pomona v. SQM North America Corp., 750 F.3d 1036, 1051 (9th Cir. 2014). Further, it appears from plaintiff's opposition brief that Torain was not even the one driving during this alleged encounter. The remainder of plaintiff's allegations are merely conclusory, and cannot support any claim for damages against defendants. Broam, 320 F.3d at 1026; see also Twombly, 550 U.S. at 555-57 (holding that to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action").

For these reasons, the court recommends plaintiff's "Endangerment" claim be dismissed with prejudice, i.e. no leave to amend be granted.

### D. "Retaliation" and "Harassment" claims

Claims for retaliation and harassment are brought under Title VII, 42 U.S.C. 2000e-2 and -3, for an employer's "unlawful employment practice." Critical to Title VII's inquiry, the claim must apply to the conditions of the workplace against the plaintiff's employer. See 42 U.S.C. 2000e(b). Further, Title VII does not provide a cause of action against supervisors or individual employees. See Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir.1993).

Here, it does not appear plaintiff was employed by, or applied for a job with, Veracity, and Torain is alleged to be Veracity's employee. (See ECF No. 12 at 7.) Thus, Title VII appears wholly inapplicable to plaintiff's set of facts, and so the claims should be dismissed with prejudice. See, e.g., Taylor v. Action Barricade Co., 2008 WL 2568456, at *2 (D. Ariz. June 25, 2008) (dismissing Title VII claim against a company because the complaint "does not allege that any of the Corporate Defendants were Plaintiff's 'employer,'" and dismissing against individual defendants because they were merely the company's employees).

### E. Claim for "Damages Done to Personal Property"

Under California law, trespass to chattels "lies where an intentional interference with the possession of personal property has proximately caused injury." Intel Corp. v. Hamidi, 30 Cal. 4th 1342, 1350–51 (2003); see also Zaslow v. Kroenert, 29 Cal. 2d 541, 551 (1946) ("Where the conduct complained of does not amount to a substantial interference with possession or the right thereto, but consists of intermeddling with or use of or damages to the personal property, the owner has a cause of action for trespass or case, and may recover only the actual damages suffered by reason of the impairment of the property or the loss of its use."). In modern American law generally, "[t]respass remains as an occasional remedy for minor interferences, resulting in some damage, but not sufficiently serious or sufficiently important to amount to the greater tort" of conversion. Intel, 30 Cal. 4th at 1351.

The circumstances surrounding this claim appear to be rooted in plaintiff's allegation that defendants were "responsible" for damage to a home security system "by the use of some sort of laser and light that is projected into the lens of my camera." (ECF No. 12 at 7.) However, plaintiff indicates in her opposition briefing that other individuals were allegedly responsible for the damage, and that Torain should be liable as a "co-conspirator." Broam, 320 F.3d at 1026. Plaintiff's statements in the 1AC are conclusory, and her statements in the opposition indicate no amendment should be granted on this claim. (ECF No. 29.) See, e.g., Godfrey v. Sacramento Cty. Sheriff's Dep't, 2019 WL 3767395, at *3 (E.D. Cal. Aug. 9, 2019), report and recommendation adopted, 2019 WL 4879154 (E.D. Cal. Oct. 3, 2019) (finding allegations that defendants used x-ray flashlight to disrupt plaintiff's home to be "so insubstantial . . . as not to involve a federal controversy within the jurisdiction of the District Court . . . .") (quoting Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985)). Thus, plaintiff's "trespass" claim, as stated in the 2AC, should be dismissed.

Further, even if the complaint had alleged Torain was involved in the alleged trespass, the court would recommend dismissal without leave to amend for lack of subject matter jurisdiction. Simply, plaintiff's trespass claim does not appear to invoke the court's "amount in controversy" requirement. See 28 U.S.C. § 1332 (requiring an amount in controversy in excess of $75,000).

Though the 2AC alleges damages in excess of a million dollars, this was aggregated amongst all of plaintiff's claims, and trespass to a home security system appears to be, at best, a matter for the state court small claims court.  See Naffe v. Frey, 789 F.3d 1030, 1039-40 (9th Cir. 2015) (finding the "legal certainty" test for the amount in controversy requirement met when, among other things, "independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction."); see also, e.g., Clear Channel Outdoor, Inc. v. Lee, 2009 WL 57110, at *3 (N.D. Cal. Jan. 8, 2009) (noting that where the burdened party was unable at a hearing to articulate a basis for the allegations that the amount in controversy exceeded $75,000, no diversity jurisdiction existed).

**RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 44) be GRANTED;
2. Plaintiff's Second Amended Complaint (ECF No. 12) be DISMISSED WITH PREJUDICE, and leave to amend be DENIED; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 15, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cone.1021